

# The Attorney General of Texas

November 2, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James W. Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas    73061

Opinion No. JM-224

Re:   Whether section 52.004 of
the Property Code dispenses with
the requirement of article 5448,
V.T.C.S., that each county clerk
shall keep a separate judgment
record and shall immediately file
and record all properly authenti-
cated abstracts of judgment

Dear Mr. Smith:

You have asked whether a county clerk is still required to
maintain a separate judgment records index for recording abstracts of
judgment which establish a judgment lien.  You have stated that it is
the practice in one county not to maintain separate judgment records
but to record judgment abstracts in the real property records of that
county.  You ask whether a judgment lien will be established if the
abstract of judgment is filed in the real property records.

It is our opinion that, under the newly enacted Property Code,
the county clerk is required to maintain a separate set of judgment
records, with the appropriate indexing, for the recording of all
abstracts of judgment which may be filed in his office.

Before the enactment of the Property Code, the county clerk was
required by statute to keep a "well bound book" for the filing of
abstracts of judgment.  V.T.C.S. art. 5448 (repealed).  The new
provision in the Property Code does not require a separate book but
requires only that the clerk file an abstract of judgment in the
"county judgment records," which may be a separate book as required by
article 6601, V.T.C.S., or in the real property records, if the
provisions of article 1941(a) have been adopted.

With regard to the recording and indexing of abstracts, section
52.004 of the Property Code provides:

     (a)  The county clerk shall immediately record
     in the county judgment records each properly
     authenticated   abstract   of   judgment   that   is

presented for recording.  The clerk shall note in the records the date and hour an abstract of judgment is received.

(b)  At the same time an abstract is recorded, the county clerk shall enter the abstract on the alphabetical index to the judgment records, showing:

(1)  the name of each plaintiff in the judgment;

(2)  the name of each defendant in the judgment; and

(3)  the number of the page in the records in which the abstract is recorded.

(c)  The clerk shall leave a space at the foot of each recorded abstract for the entry of credits on or satisfaction of the judgment and shall make those entries when credits are properly shown.

Article 6601, V.T.C.S., provides:

All deeds of trust, mortgages or judgments which are required to be recorded in order to create a judgment lien, or other instruments of writing intended to create a lien, shall be recorded in a book or books separate from those in which deeds or other conveyances are recorded. (Emphasis added).

Thus, except where superseded by article 1941(a), article 6601 requires abstracts of judgment to be recorded separately from the real property records.

Article 1941(a) permits a county clerk in his sole discretion to adopt a microfilm process for the filing and recording of all instruments within his office and repeals conflicting laws.  The legal documents are classified into seven categories, and a separate microfilm record is required for each of these categories.  V.T.C.S. art. 1941(a), §2.  One of these categories is "official public records of real property," which includes deeds and other real property transactions.  As a result, we believe that a county clerk is authorized to file an abstract of judgment in microfilm form.  Thus, we conclude that an abstract of judgment is required to be recorded and filed in a book separate from real property records unless a

microfilm method of recordation is in effect pursuant to article 1941(a), V.T.C.S.

## S U M M A R Y

An abstract of judgment is required to be recorded and filed in a book separate from real property records unless a microfilm method of recordation is in effect pursuant to article 1941(a), V.T.C.S..

Very truly yours

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton